Irina FARCAS, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 05–72020.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.**

Filed Dec. 28, 2007.

Stanley J. Horn, Chicago, IL, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, R. Justin Smith, Esq., U.S. Department of Justice Environment & Natural Resources Div., Andrew C. Maclachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN and W. FLETCHER, Circuit Judges, and TIMLIN ***, Senior Judge.

## MEMORANDUM ****

Irina Farcas ("Farcas"), a native and citizen of Romania, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal and relief under Article III of the Convention Against Torture. Farcas's underlying applications were based on a claim of religious persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition for review and remand for further proceedings.

Because the parties are familiar with the facts, we do not recite them in detail. When the Board adopts a decision of the IJ without opinion, as it did here, we review the IJ's decision as the final agency determination. *See Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). Credibility findings are reviewed under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). When the IJ does provide specific reasons for questioning a witness's credibility, we may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible. *Id.; see also Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003).

Here, the IJ erred by characterizing Farcas's testimony at the hearing on her asylum application as containing "material inconsistencies" that demonstrated a tendency on her part to "exaggerate or to inflate" her claim. The additional information provided by Farcas through her testimony was not inconsistent, but rather was simply supplementary detail to further explain the events recited in her asylum application. Therefore, the IJ's finding was not supported by substantial evidence and this was not a valid ground upon which to base a finding of adverse credibility. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir.2005); *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996); *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990).

The IJ also found that Farcas was not credible, because her testimony was implausible in a number of different ways. The IJ's rationale for his findings of implausibility is grounded in speculation and conjecture and therefore cannot support an adverse credibility finding. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005); *see also Vera–Villegas v. INS*, 330 F.3d 1222, 1231 (9th Cir.2003). First, with regard to the IJ's questioning the veracity of Farcas's testimony about a physical attack on her because the IJ believed there to be no rational motive for the attacker to rape Farcas, this is pure speculation that defies logic. Speculating about what a rational motive to rape would be is not a

*** The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

legitimate basis for a finding of implausibility.

Similarly, the IJ's finding of implausibility concerning Farcas and her family's interactions with the police appears to be grounded in a personal belief as to how the police would react, without any corroborating evidence in the record to support such speculation. *See Lopez–Reyes,* 79 F.3d at 912.

With regard to the plausibility of Farcas's account of converting a member of an Orthodox priest's family to the Pentecostal faith, the IJ expressed disbelief that anyone would risk retaliation and persecution to convert someone, especially someone related to a priest of a religion favored by the government. Again, this is pure speculation, based on the IJ's belief as to what a person would do in that situation. Such conjecture ignored evidence in the record concerning Farcas's faith, an evangelical religion that believes that its purpose is to be an "instrument for saving the souls lost in Romanian society." *See Jibril,* 423 F.3d at 1135. Similarly, the IJ's reasoning that it was implausible that an Orthodox priest would have retaliated against Farcas if she converted his niece was not supported by any corroborating evidence in the record. Thus, none of the IJ's findings of implausibility provides a legitimate or cogent basis upon which to make an adverse credibility finding.

The IJ also erred by giving diminished weight to affidavits introduced into the record by Farcas at her asylum hearing, as the reasons stated by the IJ for doing so are without merit. *Wang v. INS,* 352 F.3d 1250, 1254 (9th Cir.2003) ("Mere failure to authenticate documents, at least in the absence of evidence undermining their reliability, does not constitute sufficient foundation for an adverse credibility determination"); *Zhou v. Gonzales,* 437 F.3d 860, 866 (9th Cir.2006)(holding that it is error for an IJ to rely upon the petitioner's inability to obtain live testimony from persons living abroad to support an adverse credibility determination).

Lastly, we hold that the IJ erroneously placed the burden of proof for establishing countrywide persecution, *i.e.* that Farcas is unable to relocate within Romania, on Farcas, the petitioner, when in fact the burden of proof was on the government to establish that she could relocate elsewhere. As stated in the IJ's Order, the finding that she had failed to satisfy the burden of proof was an alternative basis for ruling against Farcas, assuming she had established past persecution. However, if a petitioner has shown past persecution, then the burden shifts to the Department of Homeland Security to show that a petitioner could avoid future persecution by relocating to another part of Romania, and that it would be reasonable to do so. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003).

We therefore grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.
PETITION GRANTED; REMANDED.